UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LUIS FELIPE RODRIGUEZ, | Case No. 17-13023 |
| Plaintiff, | Laurie J. Michelson |
| v. | United States District Judge |
| SECURITAS, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION:
RULES 41(b) and 4(m) DISMISSAL WITHOUT PREJUDICE OF
<u>PLAINTIFF'S COMPLAINT</u>**

**I.     PROCEDURAL HISTORY**

Plaintiff, a prisoner in the custody of the Michigan Department of Corrections, filed this *pro se* civil rights complaint on September 13, 2017. (Dkt. 1). On December 11, 2017, this case was referred to the undersigned by District Judge Laurie J. Michelson for all pretrial purposes. (Dkt. 5).

In April 2018, it came to the undersigned's attention that plaintiff had not yet properly served the defendant. Consequently, the undersigned issued an order to show cause, in which the Court explained that a corporation cannot be served by certified mail under Federal Rule of Civil Procedure 4(h) and Michigan Court Rule 2.105(D), as plaintiff attempted to do. (Dkt. 6). In that Order, the Court also warned that, pursuant to Fed. R. Civ. P. 4(m), "if service of the summons and

1

complaint has not been accomplished within 90 days after the filing of the complaint, the Court may dismiss an action without prejudice or direct that service be effected within a specified time." The Court ordered plaintiff to show cause in writing on or before April 20, 2018, why he has failed to make service of the summons and complaint in this matter. Having not received plaintiff's response to the Order, on July 11, 2018, the undersigned entered a second order to show cause. (Dkt. 7). The second order required plaintiff to show cause in writing by July 25, 2018 why he has failed to make service of the summons and complaint in this matter. (Dkt. 7). The court warned plaintiff that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause will result in a recommendation that this case be dismissed.**" *Id*. (emphasis in original).

As of the date of this Report and Recommendation, plaintiff has not filed a response to either of the court's orders to show cause. Consequently, for the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint against defendant be **DISMISSED** without prejudice under Federal Rules of Civil Procedure 41(b) and 4(m).

II. ANALYSIS AND CONCLUSIONS

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.

Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). On balance, these

factors weigh in favor of dismissal here. With respect to the first factor, similar to the facts in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. However, plaintiff's complete silence in the face of two court orders for action suggests that plaintiff has abandoned this case. And regardless of plaintiff's unarticulated reasons, "defendants cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and second factors weigh in favor of dismissal.

Furthermore, based on the warnings given to plaintiff, the third factor also clearly weighs in favor of dismissal. This court has regularly dismissed cases under Rule 41(b) when a plaintiff has been warned of the potential for dismissal, yet nevertheless failed to comply with court orders without explanation, particularly where defendants expended resources on an abandoned action, and lesser sanctions would prove useless. *See e.g.*, *Croton v. Recker*, 2012 WL 3888220, at *2 (E.D. Mich. Sept. 7, 2012). Moreover, while it cannot be said that defendants have expended resources in this action, under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

4

Importantly, despite the court's warnings that his action may be dismissed, plaintiff failed to respond to either of the show cause orders.  The court clearly warned plaintiff that a failure to respond to the second order to show cause would result in a recommendation to dismiss.  (Dkt. 7).  Despite this clear warning, plaintiff has provided no good reason why the undersigned should not dismiss this case.  See *Labreck v. U.S. Dep't of Treasury*, 2013 WL 511031, at *2 (E.D. Mich. Jan. 25, 2013) (recommending dismissal for plaintiff's failure to comply with orders of the court), *adopted by* 2013 WL 509964 (E.D. Mich. 2013).

And finally, given plaintiff's complete failure to respond to the court's orders to show cause, the undersigned sees no utility in considering or imposing lesser sanctions.  Thus, taken together, these factors support dismissal for failure to prosecute.  It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White v. Bouchard*, 2008 WL 2216281, at *5 (E.D. Mich. May 27, 2008) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, 2008 WL 2216281, at *5 (citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984)); *see also Labreck* 2013 WL 511031, at *2; *McMillian v.*

*Captain D's*, 2007 WL 2436668, at *2 (D.S.C. 2007) (dismissing motion to dismiss and to compel arbitration because of plaintiff's failure to respond despite being advised of the applicable procedures and possible consequences for failure to respond adequately).

The undersigned concludes that, for the reasons discussed above, plaintiff has effectively abandoned his case by failing to file responses to the show cause orders and by failing to properly and timely serve the defendant. Under these circumstances, dismissal without prejudice is appropriate under Rules 41(b) and 4(m). *See Burns v. Ocwen Loan Servicing, L.L.C.*, 2018 WL 1869815, at *3 (E.D. Mich. Jan. 9, 2018), report and recommendation adopted, 2018 WL 851284 (E.D. Mich. Feb. 14, 2018) ("[U]nder Rule 4(m), '[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time.' Fed. R. Civ. P. 4(m).").

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 4, 2018                                s/Stephanie Dawkins Davis
                                                     Stephanie Dawkins Davis
                                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I certify that on <u>October 4, 2018</u> I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant: <u>Luis Felipe Rodriguez, 26091 Dequindre Road, #305, Madison Heights, MI 48071.</u>

<u>s/Tammy Hallwood</u>
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov